IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN ALL and JO DEE KOLLER, suing individually and on behalf of all others similarly situated and on behalf of the general public,<br><br>    Plaintiffs,<br><br>  v.<br><br>LITTON LOAN SERVICING, a Delaware Corporation, and DOES 1-250, inclusive,<br><br>    Defendants. | No. C 04-5227 JSW<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING MOTION TO REMAND** |

   Now before the Court is Plaintiffs' motion to remand this action to state court. The Court finds the present motion appropriate for decision without oral argument and hereby VACATES the hearing set for May 27, 2005. *See* Civil L.R. 7-1(b). Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS Plaintiffs' motion to remand.

## BACKGROUND

   Plaintiffs originally filed this action in San Francisco Superior Court on October 28, 2004, asserting class action claims for violation of California's Unfair Business Practices Act (Business and Professions Code § 17200) with respect to Defendant Litton Loan Servicing LP's ("Litton") alleged unfair, unlawful and/or deceptive business practices in servicing loans. (*See* Complaint at ¶¶ 28-32.)

1   On December 9, 2004, Litton removed this case from the San Francisco Superior Court,
2   citing diversity jurisdiction as the basis for removal. On February 1, 2005, Plaintiffs filed a
3   motion to remand, arguing that Litton had failed to establish that the amount in controversy
4   exceeded the jurisdictional amount of $75,000.

## ANALYSIS

### A.   Legal Standards Relevant to Removal Jurisdiction.

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction ... to the district court of the United States for the district and division embracing the place where such action is pending."

Removal from state to federal court pursuant to 28 U.S.C. § 1446 is permitted in any civil case in which the district court has original jurisdiction, provided that notice of removal is filed within thirty days after the defendants have received the summons and the complaint or have been formally served. *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.* 526 U.S. 344, 354-56. The removal statute is strictly construed against removal jurisdiction. *Prize Frize Inc. v. Matrix Inc,* 167 F.3d 1261, 1265 (9th Cir. 1999); *see also Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92 (1921). In addition, the burden of establishing federal jurisdiction for the purposes of removal is on the party seeking removal and must be satisfied by a preponderance of the evidence. *See id.; see also Valdez v. Allstate Insurance Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

### B.   The Amount in Controversy Does Not Exceed the Jurisdictional Amount.

Under California Business and Professions Code § 17200, Plaintiffs seek declaratory and injunctive relief, restitution and disgorgement of profits. (Complaint at 12.) The complaint specifically states that "[t]he amount in controversy exceeds the jurisdictional amount of this [state] Court but does not exceed $74,999 for any plaintiffs or member of the Class." (*Id*. at

¶ 4). Litton contends that "Plaintiffs put the entire value of their property at issue when they, in essence, seek to enjoin foreclosure on property with a mortgage loan in the sum of $520,000." (Notice of Removal at ¶ 13.)

However, the complaint seeks injunctive relief not to prevent impending foreclosure on the named plaintiffs' home, but rather to challenge Litton's allegedly unfair, unlawful and/or deceptive business practices in California. (Complaint at ¶¶ 28-32.) The named plaintiffs claim that they seek only $6,000 in restitution. (Declaration of Pamela D. Simmons at ¶ 5.) The total value of the claims alleged fall short of the jurisdictional minimum of $75,000. Further, aggregation of class member claims in order to meet the jurisdictional minimum is not permitted and does not serve to confer jurisdiction here. *See, e.g., Gibson v. Chrysler Corp.*, 261 F.3d 927, 941 (9th Cir. 2001).

Litton has failed to demonstrate by a preponderance of the evidence that diversity jurisdiction lies. Therefore, Plaintiffs' motion to remand is GRANTED.

## CONCLUSION

For the foregoing reasons, the case is remanded to the Superior Court of California for the County of San Francisco. The Clerk shall transfer the file forthwith.

**IT IS SO ORDERED.**

Dated: May 20, 2005          /s/ Jeffrey S. White
                             JEFFREY S. WHITE
                             UNITED STATES DISTRICT JUDGE